[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage. Over 2 trial days the parties presented evidence on financial issues including child support, alimony, health insurance, life insurance, division of assets and liabilities, and counsel fees. The court heard testimony from the parties, the defendant's parents and his sister. Numerous exhibits were entered into evidence. The court has considered all of the credible evidence and all of the statutory criteria for the orders to be issued. The statutory criteria will not be restated here. The court makes the following findings of fact and issues the following orders.
The parties were married in Manchester, Connecticut on February 14, 1987. The following minor children have been born to the wife who are issue of the marriage: Lindsey B. Possum, born January 6, 1988, and Austin R. Possum, born February 19, 1993. Both of the minor children reside with the plaintiff mother in the marital home in Windsor, Connecticut. The court has jurisdiction over the marriage, one of the parties having resided in the State of Connecticut for more than one year prior to the bringing of the action. The parties have not been recipients of public assistance during the period of the marriage.
The plaintiff mother is 43 years old and in good health, This is her second marriage. Her first marriage ended in 1980 without children. She has a high school education and has earned partial credit toward an associates degree. At the time of the marriage she worked at Hamilton Standard but left that job in October 1987 to have her first child. In CT Page 14219 order to accommodate her child care responsibilities, she and her sister-in law opened a bridal shop to which the plaintiff could bring her infant daughter while she worked. This business was in operation for about three years during which time the plaintiff played a key role in all aspects of the business. She worked long hours and supervised as many as 15 employees. She and her sister-in-law closed the shop because the level of stress had grown intolerable. The plaintiff then opened a house cleaning business which she operated alone. She now works 35 hours per week as a cemetery sexton and maintenance person at St. Joseph Church in Poquonock. Her net weekly income is $368. She also earns $30 per week working for the Network Against Domestic Violence. She also earns $40 per month helping to care for an elderly woman.
The defendant, Robert Possum, is 44 years old. He is in good health. This is his second marriage, his first marriage having ended in divorce with one child who is now an adult. He has a high school education. At the time of the marriage he worked at Hamilton Standard. He remained in this job until the fall of 1990 when he was laid off in the midst of a down-sizing. After looking unsuccessfully for similar employment opportunities he began training as a Metlife insurance representative. He abandoned these efforts after several months when he was unable to establish a reasonable flow of commissions. He received unemployment insurance for a period of time. About two years after his layoff he decided to devote his efforts to a remodeling business known as Better Home Improvements which he had slowly been developing. He continues to pursue this business on a frill rime basis. The amount of the defendant's earnings was hotly contested. As a result of the defendant's untruthful testimony about a workers compensation settlement as well as other less significant matters the court does not have faith in the accuracy of any of the defendant's testimony or in his tax returns. Based upon all of the credible evidence. the court finds that the defendant has gross yearly income of $100,000. After payment of supplies and subcontractors he is left with $52,000 per year or $1000 per week. After payment of withholding taxes he has a net income of $733 per week. The defendant's presumptive level of child support is $210 per week. No deviation is justified.
The plaintiff testified that the marriage had broken down irretrievably and that the causes for the breakdown in the marriage were the defendant's drinking in earlier years, the defendant's lack of ambition and initiative which caused financial turmoil, and the defendant's lack of honesty. The defendant testified that he did not think that the marriage had broken down irretrievably. There is no question that the marriage has broken down irretrievably and there is no hope of reconciliation. The majority of the fault lies with the defendant. CT Page 14220
The defendant's business is established and stable with steady income which is not likely to increase or decrease substantially in the future. The plaintiff is working at a job which fits her present child-care responsibilities. Once her children are older she has the intelligence and initiative to earn at a rate which is comparable to the defendants earning capacity.
The parties own a home at 15 Chestnut Drive in Windsor where the plaintiff lives with the children. The plaintiff purchased the house for $59,900 in 1982. She made a deposit of $3,500 and a Farmers Home Administration mortgage for the balance. She and the defendant moved into the house together but the plaintiff paid for most of the household expenses because most of the defendant's wages were taken in a wage garnishment. In November 1986 the plaintiff refinanced the mortgage and conveyed to the defendant an undivided one-half interest in the property. Thereafter, the parties both contributed to the mortgage, taxes and household expenses on a fairly equal basis. The parties have made substantial renovations and improvements to the property, most of which were done by the defendant himself. The present fair market value of this property is $135,000.
In April of 2001 the defendant stipulated to the settlement of a workers compensation case for $22,000. After payment of attorneys fees the defendant received $17,900. He kept these funds in cash in order to avoid detection, lie spent the money over the last 5 months and was unable to provide a reliable accounting. He never disclosed the existence of this claim or the settlement to his own lawyer in this case or on any of the three financial affidavits he filed in the case. On direct examination the defendant professed ignorance of the settlement. The funds received by the defendant in the settlement are marital property.
The court issues the following orders:
1. The marriage of the parties is dissolved.
2. The parties shall have joint legal custody of the minor children. The plaintiff wife shall have primary residence of the minor children. The defendant husband shall have access to the minor children as follows: every other weekend from Friday at 6:00 p. m. until Sunday at 6:00 p. m. and every other Wednesday evening from 5:00 p. m. until 8:00 p. m. The defendant, with 72 hours prior notice, shall have the option to take a reduced amount of time if his work schedule makes this necessary. Weekends shall be exchanged between the parties when family special events occur. The parent who has a special event shall give the other parent 24 hours notice of the exchange. The children shall spend every Christmas Eve with the plaintiff and every Christmas Day from 11:00 a.m. CT Page 14221 until 9:00 p. m. with the defendant. The parties shall alternate Thanksgiving, Memorial Day, Easter, July 4th and Labor Day. Every Father's Day shall be with the defendant, every Mother's Day with the plaintiff. The defendant shall have reasonable access to the children on their birthdays and on the defendant's birthday. The parties, upon 60 days notice, shall each have two weeks of vacation with the children during the children's summer vacation. The defendant shall have reasonable access to the children during other school vacations. In the event that the children have sports, activities or school events during the defendant's access time he shall be sure the children attend these functions.
3. The defendant husband shall pay to the plaintiff wife child support in the amount of two hundred ten ($210.00) dollars per week. Child support shall be payable until each child attains the age of 18 years, but if still in high school, support shall continue through high school graduation but not beyond the age of 19 years. Unreimbursed medical/dental expenses shall be divided forty-six percent (46%) to be paid by the defendant husband and fifty-four percent (54%) to be paid by the plaintiff wife.
4. The defendant husband shall pay to the plaintiff wife periodic alimony in the amount of $125 per week until the death of either party, the remarriage of the plaintiff, or 7 years from the date of this judgment, whichever shall sooner occur.
5. The children are presently on the Husky Plan for their medical and dental coverage. Should the minor children become ineligible for the Husky Plan and either party has health insurance through his or her employer, that party shall maintain the children on the policy; any expense thereof to be shared in the same percentages as unreimbursed medical expense.
6. The defendant husband is ordered to convey to the plaintiff wife all of his right, title and interest in and to the marital home located at 15 Chestnut Drive, Windsor, Connecticut within 30 days. Thereafter the plaintiff shall have exclusive possession of the real estate and shall be responsible for the payment of all expenses of that property including mortgages, liens, taxes, and insurance, and shall indemnify and hold the defendant harmless from any further responsibility for these expenses.
7. The defendant husband shall transfer to the plaintiff wife the 2000 Dodge Durango within 30 days. The plaintiff wife shall assume any loan payments, taxes and expenses related to the Durango and shall indemnify and hold the defendant harmless therefrom. The plaintiff shall transfer to the defendant the 1995 Chevy Astro Van and the 1988 Chevy S-10 Blazer CT Page 14222 within 30 days. The defendant shall assume any loan payments, taxes and expenses related to those vehicles and shall indemnify and hold the plaintiff harmless therefrom. The defendant shall be the sole owner of the 1971 Triumph TR6 free and clear of any claims of the plaintiff.
8. The parties shall each retain their Hamilton Standard pensions free and clear of any claims of the other party. The defendant shall retain his Metlife 401k free and clear of any claims of the plaintiff.
9. The parties are to retain their respective bank accounts, and all joint bank accounts shall be retained by the defendant.
10. The defendant shall be responsible for paying the balance of the joint credit card debt to Hamilton Standard VISA in the approximate amount of $1,422.00. The plaintiff shall be responsible for paying the balances of the Chase VISA and the Filenes and Sears credit card debt. Otherwise, the parties shall be responsible for paying the debts shown on their respective financial affidavits.
11. The defendant shall be entitled to claim the older child, Lindsey, as a dependency exemption as long as he is entitled to do so as a matter of federal law and as long as he is current in his child support. The plaintiff shall be entitled to claim the younger child, Austin. as a dependency exemption as long as she is entitled to do so as a matter of federal law. When the older child can no longer be taken as an exemption by the defendant, the parties shall alternate claiming Austin as a dependent on their tax returns with the plaintiff taking the first year.
12. The defendant shall retain his business, Better Home Improvements, free and clear of any claim of the plaintiff.
13. Within 60 days the defendant shall pay to the plaintiff the sum of $7,500 toward her counsel fees. With this exception, the parties shall each be responsible for the payment of their own counsel fees.
14. Within 30 days the defendant shall pay to the plaintiff $2,500 as part of the property settlement representing an equitable portion of the defendant's worker's compensation settlement which the defendant failed to disclose on his financial affidavits.
15. Within 30 days the defendant is ordered to transfer to the plaintiff the two custodial accounts at State Street Research which he is holding as custodian for the children. The plaintiff is to continue to hold these funds under the Uniform Gifts to Minors Act on behalf of the minor children. CT Page 14223
16. The parties are to retain the personal property currently in their possession with the following exceptions:
a. Within 30 days the defendant must remove i) any personal property remaining in the garage of the marital home; the plaintiff will be free to discard any property not removed by that time, ii) the leather recliner, coffee table, his stereo system predating the marriage, an air conditioner, and iii) all items of his in the shed.
b. If they are still in the house, the defendant mu t remove within 30 days his grandmother's ornate mirror in the entrance way to the house, his grandmother's china, the hot tub, the water bed frame, and the crystal goblet and crystal wine glass set which were wedding gifts from the defendant's family.
c. If they are still in the defendant's possession, the defendant shall return to the plaintiff the garage door opener and the shovel within 30 days.
d. Within 30 days all family photographs and video tapes will be copied by the party in possession. The copies shall be turned over to the other party upon the payment of one-half of the copying expense.
e. If the parties have any disputes about the execution of these personal property orders they are referred to Family Relations for investigation, conciliation, and report before any motions are filed in court.
17. The defendant shall retain his business, Better Home Improvements, free and clear of any claims of the wife.
18. The defendant shall maintain (either by withdrawing the cash value and then paying the current premiums, or by allowing the current premiums to be paid from the accumulated cash value) his existing life insurance with Metropolitan in the face amount of $150,000 for the benefit of the minor children, so long as he has any financial obligation to either or both of them pursuant to this memorandum of decision. Within 30 days the defendant shall transfer to the plaintiff ownership of the Metropolitan life insurance policy on the life of the plaintiff in the face amount of $150,000.
Pickard, J.